UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA DANIELA LOPEZ-GALVAN,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, ALEJANDRO MAYORKAS, STACI A. BARRERA, TROY A. MILLER, and DOES 1-5,<br><br>　　　　　　　　　　　Respondents. | Case No.:　3:24-cv-01654-JES-KSC<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR EVIDENTIARY HEARING**<br><br>**[ECF No. 1]** |

　　　　Petitioner Ana Daniela Lopez-Galvan ("Petitioner") filed a Petition for Writ of Habeas Corpus and Request for Evidentiary Hearing ("Petition"), through counsel, pursuant to 28 U.S.C. § 2441. ECF No. 1 ("Pet."). Petitioner is a native and citizen of Mexico who, on June 21, 2024, attempted to enter the United States with the aid of a smuggler at the San Ysidro port of entry. Pet., ¶¶ 7-9, 11; ECF No. 7-1 at 1-2. She was paroled in the United States as a material witness under 18 U.S.C. § 3144 in the case of

*United States v. Aguirre*, No. 24-cr-01359-RSH (S.D. Cal.). Pet., ¶ 11; *see* 8 U.S.C. § 1182(d)(5) (parole authority).

On August 8, 2024, Petitioner's immigration counsel requested a credible fear interview from U.S. ICE Enforcement and Removal Operations, advising U.S. Department of Homeland Security of Petitioner's intent to seek asylum. Pet., ¶ 12; ECF No. 1-4 at 2-4. On September 13, 2024, after release from her duties as a material witness, Petitioner was transferred to U.S. Customs and Border Protection ("CBP") custody for removal to Mexico due to her inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Pet., ¶ 13. Petitioner alleges that, despite her immigration counsel's numerous telephone calls to CBP officers, Petitioner was removed without taking reasonable efforts to ascertain whether Petitioner had a credible fear of returning to Mexico. *Id.* ¶¶ 14-19.

"A petitioner for habeas corpus must be 'in custody' in order for the court to have jurisdiction over his petition." *Nava v. Ceja*, 546 Fed. Appx. 629, 631 (9th Cir. 2013). Aliens removed before filing a petition do not ordinarily satisfy that requirement. M*iranda v. Reno*, 238 F.3d 1156, 1158 (9th Cir. 2001). The Ninth Circuit has recognized a rare exception to this principle, applicable only in "extreme circumstances," when the alien has been removed in violation of an immigration judge's stay of removal and the alien's right to counsel. *See Singh v. Waters*, 87 F.3d 346, 350 (9th Cir. 1996); *Miranda*, 238 F.3d at 1159 (distinguishing *Singh* and explaining its restriction to "extreme circumstances"); *Dearinger v. Ashcroft,* 32 F.App'x 950, 950 (9th Cir. 2002) ("Except in anomalous cases such as *Singh,* habeas corpus is a writ for getting people out (of custody), not getting in (to the United States).").

Petitioner cannot meet *Singh's* strict requirements because she was not *removed* to Mexico. In lieu of issuing an order of expedited removal from the United States to Mexico, *see* 8 U.S.C. § 1225(b)(1), CBP exercised its discretion to allow Petitioner to withdraw her application for admission and return to Mexico. *See* ECF No. 7-1; *see* 8 U.S.C. § 1225 (a)(4) ("An alien applying for admission may, in the discretion of the Attorney General and at any time, be permitted to withdraw the application for admission and depart immediately

from the United States."); 8 C.F.R. § 235.4 (withdrawal of application for admission). Because Petitioner voluntarily withdrew her application for admission and returned to Mexico, Petitioner cannot establish the extreme circumstances exception articulated in *Singh*, and thus, the Court lacks subject matter jurisdiction to consider her Petition.

On a separate basis, under the expedited removal standard, Petitioner cannot trigger the extreme circumstances exception articulated in *Singh*. Individuals in expedited removal are removed from the United States "without further hearing or review unless [he or she] indicates either an intention to apply for asylum … or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). Although Petitioner was not subject to expedited removal, she too was given an opportunity to apply for asylum. Petitioner was personally interviewed by CBP officers, where she initialed and signed Form I-275, denying that she had a fear of returning to Mexico. *See* ECF No. 7-1 at 3.

Petitioner asserts that she was prevented from meaningful participation in that interview, and in the signing of Form I-275, because of language barriers. ECF No. 8 at 2-3. At the Court's request, however, Respondents have proffered a declaration by CBP Officer David Herron. *See* ECF No. 10-7. Officer Herron explains that his addendum to the Form I-213 indicates that Petitioner "confirmed her understanding, in a language that she understood, that by withdrawing her application for admission, she was foregoing the opportunity to seek asylum or other relief in removal proceedings." *Id.* at 7. Petitioner has provided no allegations that she was coerced into signing Form I-275, or that she protested any of the CBP officers' actions, and has not disputed the accuracy of events described in Officer Herron's declaration. Even were Petitioner subject to expedited removal, which is more akin to the circumstances in *Singh*, she was given an opportunity to apply for asylum, and voluntarily denied it. Thus, Petitioner has not established an exception to the "in custody" requirement of 28 U.S.C. § 2241, and on this basis, the Court finds it lacks subject matter jurisdiction.

1  Accordingly, the Court **DENIES** the Petition for Writ of Habeas Corpus and Request
2  for Evidentiary Hearing, ECF No. 1, for lack of subject matter jurisdiction. The Clerk of
3  Court is directed to close this case.
4  **IT IS SO ORDERED**.

Dated: March 12, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge